## CATHERINE ISABELLA MAXWELL, RESPONDENT, *v.* CRAWFORD MAXWELL, APPELLANT.

*Alimony and counsel fees — not allowed pendente lite where the plaintiff has adequate pecuniary resources of her own — a reference to ascertain her resources is proper.*

Where it seems reasonably certain from the affidavits on a motion for alimony and counsel fees, pending an action for separation from bed and board, that the wife, the plaintiff, is not destitute of the means of livelihood, nor of means sufficient to carry on her action, the court should not direct the husband to pay such alimony and counsel fees.

*Semble,* that in such a case the court might, on the plaintiff's application, order a reference in order to ascertain definitely the plaintiff's resources.

APPEAL from an order of the Special Term requiring the defendant, the appellant, to pay to the plaintiff alimony and counsel fees.

*I. T. Williams,* for the appellant.

*B. Merritt,* for the respondent.

DAVIS, P. J.:

This action was brought for a separation from bed and board, and for provision for the support of plaintiff, who is the wife of the defendant. The acts of cruel and inhuman treatment alleged in the complaint are charged to have taken place in the month of July, 1876, and in the months of August and November, 1879, and July, 1880. But the parties continued to live together in the same house, occupying different sleeping apartments, until the 1st day of May, 1882. About that time the defendant rented the house in which they had been residing in this city and hired one in the city of Brooklyn at a cheaper rent, to which he desired the plaintiff to remove with him, which he says she absolutely refused to do. She then left him and has been since living by herself. In regard to her possession of means upon which to live and to carry on her suit the affidavits are conflicting. But there can be little doubt from the affidavits that the plaintiff, in addition to the $1,000 which she says she has, has also a note for the sum of $2,800 against the firm of Maxwell & Docharty for money loaned to them, which firm is responsible; and that she has also a mortgage on real estate of $5,000, which has been kept for her in the defendant's safe at his place of business, and which he states he is ready to deliver to her at any time, and on which she receives interest. Besides this she has been allowed and had paid to her by the defendant a sum weekly of ten dollars for her support.

Taking the affidavits of both parties together it seems reasonably certain that the plaintiff is not destitute of the means of livelihood, nor of property sufficient to carry on her action; and it seems to us, within the established rules in such cases, that the order of the court below granting alimony and counsel fees ought not to have been made. The most that should have been done by the court below was to have ordered a reference, if the plaintiff desired, to ascertain the fact in respect to her property as well as that of the defendant so that the court could have acted upon something more satisfactory than affidavits which are at best directly conflicting.

In *Collins* v. *Collins* (80 N. Y., 12, 13) the rule laid down by Bishop on Marriage and Divorce (369–384) that, if the wife has sufficient means of her own, temporary alimony is not allowable, is recognized and adopted, and the court say: " The fact that the wife

is destitute of means to carry on her suit and to support herself during its pendency is as essential as any other fact to authorize the court to award temporary alimony. This is not a mere matter of discretion but a settled principle of equity."

The result of our conclusion upon the papers before us is that the order of the court below should be reversed with liberty to the plaintiff to apply upon her petition, and the several affidavits on which the motion was heard, if she shall be so advised, for an order of reference to ascertain the facts in respect to her own property and means as well as those of the defendant, and upon the coming in of the report to renew her application for alimony and expenses.

No costs of the appeal should be awarded to either party.

BRADY and DANIELS, JJ., concurred.

So ordered.